IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

PATRICK C. CALLAHAN,

        Plaintiff,                      CV-09-1399-ST

      v.                                 OPINION AND ORDER

MICHAEL J. ASTRUE, Commissioner of Social
Security,

        Defendant.

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Patrick C. Callahan ("Callahan"), filed this action seeking review of an October 6, 2009 decision which Callahan contends is a final decision of the Commissioner of the Social Security Administration ("Commissioner"). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with FRCP 73 and 28 USC § 636(c).

1 - OPINION AND ORDER

The Commissioner has filed a Motion to Dismiss (docket #8) on the basis that Callahan has failed to exhaust his administrative remedies. Callahan opposes this motion and also has filed an Unopposed Motion to Recover Costs in the Event of Dismissal (docket #13). If the Commissioner's motion is granted, Callahan seeks either a refund of the filing and service fees that he has paid in this case, or, alternatively, a waiver of the filing and service fees should his case return to this court following a final unfavorable decision by the Commissioner. For the reasons that follow, both motions are GRANTED in part and DENIED in part, and this case is stayed until Callahan exhausts his administrative appeal to the Appeals Council.

## DISCUSSION

### I. Administrative Proceedings

Callahan protectively filed an application for disability insurance benefits ("DIB") on April 8, 2004. The application was denied initially as well as upon reconsideration, after which Callahan requested a hearing. On November 22, 2006, an Administrative Law Judge ("ALJ") issued an unfavorable decision, and Callahan timely requested Appeals Council review. The Appeals Council denied the request for review, making the ALJ's decision of November 22, 2006 the final order of the agency. Callahan appealed that decision to this court on July 19, 2007. *Callahan v. Astrue*, Civil Case No. 07-1050-AC. On November 7, 2008, this court granted the parties' stipulated request for remand for further administrative proceedings. *Id*, Order of Remand (docket #27).

On October 6, 2009, an ALJ issued a second unfavorable decision and advised that if Callahan disagreed with the decision, he could appeal to the Appeals Counsel "by filing written exceptions" which are "your statements explaining why you disagree with the decision of the

[ALJ]." DeVera Decl., Ex. 1, p. 1. In response, and apparently without his attorney's knowledge, Callahan sent a five paragraph letter to the Appeals Council stating "I do take exception to the recent denial of my claim, and this is my appeal," outlining the reasons he believed the ALJ's decision was wrong, and asking that the Appeals Council reverse the ALJ's decision. *Id*, Ex. 2. The Appeals Council received that letter on November 6, 2009, but has not yet acted on it. *Id*, ¶ 4(c).

On November 24, 2009, still without knowledge of Callahan's letter to the Appeals Council, Callahan's attorney filed this action on Callahan's behalf.

## II. Administrative Exhaustion

### A. Statutory and Regulatory Framework

Judicial review of the denial of social security disability insurance benefits is governed exclusively by 42 USC § 405(h) which provides that:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

The statute providing for judicial review, 42 USC § 405(g), in turn states that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

*See also Kildare v. Saenz*, 325 F3d 1078, 1082 (9th Cir 2003) (individuals denied social security disability benefits "may seek judicial review of 'any final decision' of the Commissioner").

The term "final decision" is undefined in the Social Security Act, and "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 US 749, 767 (1975). However, at a minimum, "[a] final decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies" *Kildare*, 325 F3d at 1082, citing *Johnson v. Shalala*, 2 F3d 918, 921 (9th Cir 1993).

Once an ALJ issues a written decision on remand, the Appeals Council is permitted to "assume jurisdiction based on written exceptions to the decision of the [ALJ] which [the claimant] file[s] with the Appeals Council or based on its authority pursuant to paragraph (c)," which provides that:

> Any time within 60 days after the date of the decision of the administrative law judge, the Appeals Council may decide to assume jurisdiction of your case even though no written exceptions have been filed. . . . After the Appeals Council receives the briefs or other written statements, or the time allowed (usually 30 days) for submitting them has expired, the Appeals Council will either issue a final decision of the Commissioner based on the preponderance of the evidence affirming, modifying, or reversing the decision of the administrative law judge, or remand the case to an administrative law judge for further proceedings, including a new decision.

20 CFR § 404.984(c).

### B.  **Callahan's Letter Constitutes "Exceptions" to the ALJ's Decision**

Callahan argues that his November 6, 2009 letter to the Appeals Council either does not constitute "exceptions" to the ALJ's decision or should not be treated as such. These arguments must be rejected. Callahan's letter to the Appeals Council clearly was intended to state his

position as to why the ALJ's decision was wrong and should be reversed. While he did so without his attorney's knowledge, Callahan is expressly permitted to file exceptions as the party affected by the ALJ's decision. *See* 20 CFR § 404.984(b)(1) ("you may file exceptions to the [ALJ's] decision with the Appeals Council"); 20 CFR § 404.901 (defining "you" as "any person claiming a right under the . . . disability . . . benefits program").

Callahan's attorney was unaware of Callahan's letter to the Appeals Council until the Commissioner filed the present motion to dismiss. Callahan's attorney apparently thought the better course was to file a direct appeal of the ALJ's decision with this court, but the fact remains that Callahan himself filed exceptions to the ALJ's decision. Because the Appeals Council has not yet acted on those exceptions, the Commissioner has not yet issued a final decision over which this court may assume jurisdiction.

### C. No Basis for Waiver of the Exhaustion Requirement

The exhaustion requirement "is not jurisdictional, and thus, is waivable by either the [Commissioner] or the courts." *Johnson*, 2 F3d at 921 (citation omitted). The Ninth Circuit applies a three-part test to determine whether a claim merits judicial wavier of the exhaustion requirement:

> The claim must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility).

*Id* (citation omitted).

The record reveals that none of these three requirements are met in this case. Accordingly, there is no basis upon which to waive the exhaustion requirement.

### III. Stay of Action

In the event that this case has been prematurely filed, as it has been, Callahan seeks either a refund of his filing and service fees or, in the alternative, a waiver of future filing and service fees to refile this case if the Appeals Council renders an adverse decision. Although the Commissioner does not oppose this motion, Callahan's request creates logistical difficulties. Although this court can order the Clerk's Office to refund the $350.00 filing fee paid by Callahan, it has no ability to refund the service fees paid by Callahan to the United States Marshal's Service to effect service (dockets ##5-7). Waiving filing and service fees in a future case might be an attractive alternative if Callahan lost his appeal before the Appeals Council. However, if the Appeals Council decides in his favor, then Callahan will have no need to refile this case and, thus, will have no ability to recover the filing and service fees that he has already paid.

Although not proposed by either party, in this court's view, the best alternative is simply to stay this case pending a final ruling by the Appeals Council. If the Appeals Council decides in Callahan's favor, then this case may be dismissed with prejudice and, if requested by Callahan, with a refund of his filing fee. However, if the Appeals Council renders an unfavorable decision, then this court can lift the stay and set a new schedule in this case without the need for Callahan to incur any additional filing and service fees.

///

///

///

///

**ORDER**

The Commissioner's Motion to Dismiss (docket #8) and Callahan's Unopposed Motion to Recover Costs in the Event of Dismissal (docket #13) are GRANTED in part and DENIED in part. This action is STAYED pending exhaustion of Callahan's appeal to the Appeals Council and issuance of a final decision by the Commissioner. Callahan shall submit a written status report to the court on or before August 2, 2010, and every 60 days thereafter.

DATED this 19th day of May, 2010.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge

7 - OPINION AND ORDER